UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    18-cr-900 (PKC)

                    -against-                              ORDER

BARRY JOHNSON,

                          Defendants.
--------------------------------------------------------------x

CASTEL, U.S.D.J.

            With the closing of the MCC, the corresponding stress on other facilities and

defense counsel, and the continuation of pandemic conditions, the government and defense

counsel are reminded of the difficulty in scheduling proceedings relating to detained defendants.

These difficulties are significant for in-court proceedings, as well as remote proceedings (both

video and phone) which require physical space and detention facility coordination.  It generally

takes two weeks to schedule a proceeding, and each proceeding requires coordination among

different agencies and Court Staff.  Arrangements must be made with the BOP or contract

detention facilities (each with their own requirements), the USMS, Court Reporters, Court

Interpreters, and, in some instances, Pretrial Services or Probation.  Scheduling a proceeding is

significantly more complex for a multi-defendant case.

            For this reason, the government and defense counsel are on notice that all

applications for adjournments of criminal proceedings involving a detained defendant are

disfavored.   A proceeding involves a detained defendant if any defendant is detained.

            If it becomes necessary to make an application for adjournment within three

weeks of the scheduled proceeding, counsel shall set forth in writing and in detail the following

in separately numbered paragraphs: (1) the reasons for the request; (2) when the circumstance giving rise to the request became known; (3) what alternatives to adjournment have been explored; (4) whether counsel for all defendants and the government consent to the adjournment; and (5) whether there is a consent by all defendants and the government to the exclusion of time under the Speedy Trial Act until any adjourned date set by the Court.

Alternatives should first be explored, including but not limited to the following:

- Defense counsel with a sound and unanticipated reason for an adjournment of a scheduling conference should explore with the client whether another competent and informed counsel may cover the proceeding with authority to address anticipated matters, including scheduling.  Of course, the defendant is free to withhold consent.

- Conferences are preferable to written submissions, but if there is a sound and unanticipated reason for the adjournment request and all parties agree on the next steps for a case – e.g. setting a motion schedule (with proposed dates), setting a plea proceeding (with proposed dates) or setting a trial date (with proposed dates on final pretrial submissions) – then the parties may submit such agreements in writing.  The Court will then determine whether the proposals are acceptable, and the conference may be cancelled.

The Court is aware of the stress and difficulties faced by defense counsel, defendants, the government, the USMS, the BOP and the detention facilities.  Counsel also should be aware of the stress and difficulties that adjournments present for Court Staff, including

Court Reporters, Court Interpreters and especially the Courtroom Deputy.  The days of last-minute adjournments are over.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 12, 2021